THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* ERNESTO GONZÁLEZ RIVERA, Defendant and Appellant.

No. 8333.   Argued November 25, 1940.—Decided November 30, 1940.

*Ciro Malatrasi, Jr.,* for appellant.   *R. A. Gómez, Prosecuting Attorney,* and *Luis Negrón Fernández, Assistant Prosecuting Attorney,* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Ernesto González Rivera, upon conviction of a subsequent offense of burglary in the first degree, was sentenced, on April 18, 1940, by the District Court of Bayamón, to 10 years' imprisonment in the penitentiary.   He appealed, and upon the case being set for hearing on the 6th of this instant November, through his attorney he asked for a continuance in order to complete the record by filing the transcript of the evidence.

After the new hearing had been set for the 27th of the present month, the prosecuting attorney insisted in his verbal motion that the appeal be dismissed for failure to serve notice of the appeal on the prosecuting attorney.   The de-

fendant objected and requested a further continuance of the hearing. He alleged and proved that he had filed a second notice of appeal, served notice thereof on the prosecuting attorney within the time provided by law to appeal, and then requested the court to direct the stenographer to prepare the transcript of the evidence, which the court refused to do in the following terms:

"The judgment on this case was rendered on April 18, 1940, and on the 27th of the same month the defendant filed a notice of appeal from said judgment. The defendant failed to apply for a transcript of the evidence, proceedings, objections, rulings, etc., had during the trial of his case within the legal term or any time thereafter. Consequently, the clerk, on May 20, 1940, certified the transcript of the record and sent it to the Supreme Court, in which court said appeal is now pending decision. Thereafter, on September 24, 1940, the defendant filed a second notice of appeal and a request for a stenographic transcript of the record at a time when his first appeal had not yet been decided and without there being any showing that he had abandoned or dismissed the same.

"A second appeal may be filed where the time to appeal has not expired and the first appeal taken has been dismissed. *Orellana* v. *People*, 46 P.R.R. 200, and cases cited therein. As there is no showing that the first appeal has been dismissed, the filing of the second appeal is disallowed; likewise the request for a stenographic transcript of record of the proceeding in the cause is denied for lack of lawful term in which it may be ordered."

The appellant further alleged and showed that he had moved for a reconsideration of the decision of the district court, which has not yet passed upon his motion. The prosecuting attorney insists in demanding the dismissal.

There is no doubt that, as the notice of appeal of April 26, 1940, had not been served on the prosecuting attorney, this court did not thereby acquire jurisdiction to entertain said appeal; but there is no doubt either, that as the second notice of appeal, served on the prosecuting attorney, was filed within the period of six months granted by law to appeal—section 349 of the Code of Criminal Procedure,

1935 ed.—it has such jurisdiction at the present time in accordance with the definite holdings in the cases of *Orellana* v. *People,* 46 P.R.R. 200, and *Flores* v. *District Court,* 49 P.R.R. 118.

In the last of said cases, there was considered and adversely decided a question similar to the one presented to the district court by virtue of the petition for the transcript of the evidence which the defendant submitted in order to perfect his appeal after filing his second notice of appeal, served on the prosecuting attorney.

Mr. Córdova Dávila delivered the opinion of the court, and after citing and analyzing several cases he said:

"In conformity with the cases cited, a second appeal can be taken when the time for filing an appeal has not expired and the first appeal has become ineffective, or has been expressly or impliedly abandoned by the appellant. The Supreme Court of the United States in the case of *Evans* v. *State Bank, supra,* declared that when the term elapsed at which the first appeal was returnable, without the filing of the record, that appeal had spent its force and the matter was open for a second appeal, as it would have been if the appellant had docketed the cause and had it dismissed. The Supreme Court of Washington in the case of *Reichenbach* v. *Lewis, supra,* observes that at the oral argument the appellants stated that they had abandoned the first appeal and were relying upon the last one only, and it says that under similar circumstances, when two appeals were taken, the court had held that the first appeal had been abandoned, and that it should not prevent the prosecution of the later one. The case at bar is quite peculiar in that the appellant, in spite of having a second appeal, insists on keeping in force the first by requesting extensions of time to perfect the same. However, it seems to us that the lower court was not divested of jurisdiction to allow the second appeal and the statement of the case presented by the appellant after he had found it impossible to file such statement in the first appeal taken. It is clear that the appellant can not indefinitely prosecute at the same time two appeals from the judgment rendered and that he should have elected between the two proceedings; but it is incumbent on this court, and not on the district court, to decide the questions that might arise by reason of the taking of the second appeal."

Technically, it would be proper to sustain the motion of the district attorney, but, why call for a new record if the present one contains the judgment roll and substantially there is involved a single appeal from a single judgment? What the defendant-appellant really did was to perfect his appeal, as to the notice of appeal filed, when he could do so, the legal term for appeal not having yet expired. In the notice which he first filed, the service was lacking. The second notice was served. That is all.

In virtue thereof the motion to dismiss must be denied and the perfected appeal must continue to be prosecuted under the same file number, and the appellant is granted until January 30, 1941, to complete the record by filing the transcript of the evidence, certified in accordance with the law.